Nicholson, C. J.,
delivered the ' opinion of the Court.
This ease was commenced in the Circuit Court of Sullivan County, and was transferred, by change of venue, to Carter County. It is an action for damages, in causing the horse of defendant in error to be taken from him. After one mistrial, a verdict was found against plaintiff in error, and judgment rendered thereon.
A motion for a new trial having been overruled, the plaintiff in error appealed to this Court.
Three grounds are relied on for a reversal of the judgment:
*175 1. Because the Circuit Judge permitted the defendant in error to prove that plaintiff in error was a rebel. Although such evidence is, in general, irrelevant, and calculated to excite prejudice, yet, in this case, we are not prepared to hold that it was not legitimate, for the purpose of explaining the anim s with which certain declarations of the plaintiff in error were made.
2. Because portions of the depositions of two witnesses detailing conversations of the rebel soldiers, who took the horse, were excluded from the jury. The declarations excluded were made by the soldiers soon after they had taken the horse, and whilst they were returning with him to their camp. As between the parties to this suit, these declarations were incompetent and were properly excluded.
3. Because there is not sufficient evidence to support the verdict. After careful examination of the proof, we are satisfied that this ground for reversal is well taken. The allegation in the declaration is, that plaintiff in error caused the horse of defendant in error to be unlawfully taken from him. The proof is abundant, that difendant in error had his horse concealed, to avoid his being taken by rebel soldiers, encamped in his neighborhood ; and that -whilst so concealed, two rebel soldiers found and carried him away. The evidence on which plaintiff in error is sought to be made responsible is, that two or three days before the horse was taken, he was out looking for a stolen mule, when he met a squad of rebel soldiers near the house of defendant in error; and in conversation with them, in answer to a question by *176 them, whether defendant in error and other Union men named did not have horses, plaintiff in error replied that they had. This was all that he said, and this is all the evidence from which it could be inferred that he caused the horse of.defendant in error to be taken, except the fact that he was shown to be a rebel. It does not appear from the evidence, that he requested or advised the soldiers to take the horse, nor that the soldiers who did take him were the same with whom he conversed. It is left in doubt whether the horse had not actually been taken before plaintiff in error met and conversed with the squad of soldiers. One of the witnesses of defendant in error testifies that the taking was two or three days after the conversation aforesaid, whilst a witness of plaintiff in error testifies that the horse was taken two or three hours before the conversation., It is in proof that defendant in error said, that no one except a man by the name of Robinson, who lived on his place, knew where his horse was concealed, and that Robinson was believed to have given the information to the soldiers of the place of concealment. Plaintiff in error is shown to have been a quiet, honest and truthful man.
After closely scrutinizing the whole evidence, we are unable to find any testimony on which the verdict of the jury can be supported. '
The judgment is reversed and a new trial awarded.